IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BEVERLY KING,

    Plaintiff,

v.                                                CASE NO. 1:13-cv-123-MP-GRJ

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. (Doc. 1). The Commissioner has answered (Doc. 9), and both parties have filed briefs outlining their respective positions. (Docs. 14 & 15). For the reasons discussed below, the Commissioner's decision should be reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.

## I. PROCEDURAL HISTORY

    Plaintiff filed applications for disability insurance benefits and SSI on January 25, 2010, alleging disability since August 15, 2008. (R. 178-83.) Plaintiff's applications were denied initially and upon reconsideration. (R. 61-65, 66-76, 80-81.) An administrative law judge (ALJ) conducted a hearing and entered a partially favorable decision on December 9, 2011. The ALJ found that Plaintiff was not disabled before January 8, 2011 because until that point she was able to perform her past relevant work

as a cartographic drafter.  Plaintiff's date last insured for the purposes of DIB was March 31, 2010.  (R. 13-22.)  The Appeals Council denied Plaintiff's request for review. (R. 1-3, 6–8.)  This action followed.  Plaintiff raises one issue on appeal: whether the alleged onset date determined by the ALJ is supported by substantial evidence.

## II.  STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[1] Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[2]

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[3] The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[4] However, the district court will reverse the Commissioner's decision on plenary review if

---

[1] *See* 42 U.S.C. § 405(g) (2000).

[2] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); *accord,* Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[3] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[4] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[5]

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months.[6] The impairment must be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy.[7]

The ALJ must follow five steps in evaluating a claim of disability.[8] First, if a claimant is working at a substantial gainful activity, he is not disabled.[9] Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.[10] Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is

---

[5] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

[6] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505 (2005) (All further references to 20 C.F.R. will be to the 2005 version unless otherwise specified.).

[7] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[8] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[9] 20 C.F.R. § 404.1520(b).

[10] 20 C.F.R. § 404.1520(c).

disabled.[11]  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.[12]  Fifth, if a claimant's impairments (considering his residual functional capacity ("RFC"), age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.[13]

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff.[14]  The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy.[15]  The Commissioner may satisfy this burden by pointing to the Medical-Vocational Guidelines (the "Grids") for a conclusive determination that a claimant is disabled or not disabled.[16]

However, the ALJ should not exclusively rely on the Grids when "the claimant has a non-exertional impairment which significantly limits his or her basic work skills or

---

[11] 20 C.F.R. § 404.1520(d).

[12] 20 C.F.R. § 404.1520(e).

[13] 20 C.F.R. § 404.1520(f).

[14] Walker v. Bowen, 826 F.2d 996, 1002 (11th Cir. 1987); see also Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

[15] Doughty, 245 F.3d at 1278 n.2. In Doughty the court explained this burden shifting as follows:

In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.) (Internal citations omitted).

[16] Walker, 826 F.2d at 1002 ("[T]he grids may come into play once the burden has shifted to the Commissioner to show that the claimant can perform other work.").

*Case No. 1:13-cv-123-MP-GRJ*

when the claimant cannot perform a full range of employment at the appropriate level of exertion."[17]  In a situation where both exertional and non-exertional impairments are found, the ALJ is obligated to make specific findings as to whether they preclude a wide range of employment.[18]

The ALJ may use the Grids as a framework to evaluate vocational factors so long as he introduces independent evidence of the existence of jobs in the national economy that the claimant can perform.[19]  Such independent evidence may be introduced by a Vocational Expert's ("VE") testimony, but this is not the exclusive means of introducing such evidence.[20]  Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he or she is not capable of performing the "other work" as set forth by the Commissioner.

### III.  THE ALJ'S FINDINGS

The ALJ found that since her alleged onset date of disability, August 15, 2008, Plaintiff had several severe <u>physical</u> impairments.  As to Plaintiff's severe <u>mental</u> impairments of major depressive disorder, single episode, severe, without psychotic features; mood disorder from a general medical condition with depressive features; and generalized anxiety disorder, the ALJ found that the onset date for these impairments

---

[17] Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996). See Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Walker, 826 F.2d at 1003 ("The grids may be used only when each variable on the appropriate grid accurately describes the claimant's situation.").

[18] Walker, 826 F.2d at 1003.

[19] Wolfe, 86 F.3d at 1077-78.

[20] *See id.*

Case 1:13-cv-00123-MP-GRJ   Document 17   Filed 06/02/14   Page 6 of 9

Page 6 of 14

was January 8, 2011. The ALJ concluded that Plaintiff's established onset date for disability was January 8, 2011, when her mental impairments became severe in addition to her physical impairments. The ALJ determined that prior to January 8, 2011, Plaintiff could perform her past relevant work as a cartographic drafter, but that Plaintiff has been disabled since that date. (R. 13-21.)

## IV.  DISCUSSION

The issue raised by Plaintiff in her appeal is whether the ALJ's ruling that she became disabled on January 8, 2011–not August 15, 2008 as she alleges–is supported by substantial evidence. Plaintiff contends that the ALJ's decision is arbitrary, capricious, and an abuse of discretion because: (1) the record is clear that the latest onset date would have been December 29, 2010, the date of her examination upon which the January 8, 2011 consultative report was established; and (2) she was in fact disabled since her alleged onset date of August 15, 2008. (Doc. 14.)

It is clear from the record that although the ALJ wrote that Plaintiff "underwent a consultative psychological evaluation" on January 8, 2011, this is not the case. Rather, William Beaty, Ph.D., performed a consultative psychological evaluation of Plaintiff on **December 29, 2010** but did not write his report until **January 8, 2011.** Although January 8, 2011 is the date Dr. Beaty wrote the report, his findings were based on Plaintiff's presentation at his December 29, 2010 examination. Substantial evidence does not support an established onset date of January 8, 2011, when the only evidence of record is that the consultative examiner wrote his report on that date.

The ALJ is not required to adopt a claimant's alleged onset date. "An 'onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in [substantial gainful activity] for a continuous period of at least 12 months or result in death.' *Id.* To determine the onset date for disabilities of nontraumatic origin, the individual's allegation, work history, and medical and other evidence should be considered. *Id.* '[T]he date alleged by the individual should be used if it is consistent with all the evidence available.' *Id.*" *Keane ex rel. Parcelles v. Comm'r of Soc. Sec.*, 205 Fed. Appx. 748 (11th Cir. 2006) (citing Soc. Sec. Ruling 83-20). As discussed above, the Court's role in reviewing claims brought under the Social Security Act is whether there is substantial evidence in the record as a whole to support the findings of the Commissioner. *See Lamb v. bowen,* 847 F. 2d 698, 701 (11th Cir. 1988).

Here, the established onset date of January 8, 2011 is clearly unsupported by unsubstantial evidence. The date a report is published is not the date the claimant's impairments became severe, rather it is the date on which the examination was performed that would be the *latest* possible onset date in a case where the onset date can be tied to a particular evaluation of the claimant. The Commissioner contends that it was within the ALJ's discretion to choose this date, but offers absolutely no legal authority to support this contention.

Furthermore, the fact that the difference between December 29, 2010 and January 8, 2011 is a matter of days does not diminish the importance of establishing a correct onset date. The onset date is, according to the Commissioner's own

regulations, "critical," and "it is essential that the onset date be correctly established and supported by the evidence."  SSR 83-20 (1983).

Because the established onset date is clearly unsupported by substantial evidence and the case is due to be reversed and remanded, the Court need not reach the related issue of whether, if the ALJ actually meant December 29, 2010 to be the established onset date, whether *that* date as the onset date is supported by substantial evidence.  For the reasons discussed above, the Court finds that substantial evidence does not support the ALJ's determination that Plaintiff's established onset date was January 8, 2011.  Accordingly, the decision of the Commissioner is due to be reversed and remanded for further proceedings.

## V.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the decision of the Commissioner should be **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g) to the Commissioner so that the Administrative Law Judge may conduct further proceedings consistent with this Order. The Clerk also should be directed to enter final judgment in favor of the Plaintiff consistent with this Order and to close the file.

**IN CHAMBERS** in Gainesville, Florida this 2nd  day of June 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**